UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- X
                        :

SONIA P. BALTAL,                :

                        :

               Plaintiff,    :

                        :        **MEMORANDUM**

                        :   **OPINION AND ORDER**

       - against -       :

                        :      **07 Civ. 5661 (SAS)**

MICHAEL J. ASTRUE,      :
COMMISSIONER OF SOCIAL   :
SECURITY,              :

                        :

          Defendant.   :
-------------------------------------------------- X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

Sonia P. Baltal, proceeding pro se, brings this action pursuant to the
Social Security Act (the "Act"),[1] seeking judicial review of a final decision by the
Commissioner of Social Security (the "Commissioner") denying her claim for
disability insurance benefits. The evidence, which is contained in the transcript of
the administrative record, has been summarized by the Administrative Law Judge
("ALJ") in his decision denying benefits.[2] This decision became the
Commissioner's final decision when the Appeals Council denied Baltal's request

---

[1]    *See* 42 U.S.C. § 405(g).

[2]    *See* Transcript of the Administrative Record ("Tr.") filed as part of
the Commissioner's Answer pursuant to 42 U.S.C. § 405(g).

for review on April 14, 2007.[3]

The Commissioner has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Commissioner argues that the ALJ's decision finding that Baltal was not disabled during her period of insurability is supported by substantial evidence and should be affirmed. Baltal did not oppose this motion despite being ordered to do so by this Court.[4]

When examining the ALJ's decision in a disability benefits case, "'[i]t is not our function to determine *de novo* whether [plaintiff] is disabled.'"[5] A district court must not disturb the Commissioner's final decision if "correct legal standards were applied" and "substantial evidence supports the decision."[6] "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[3]     *See id.* at 6.

[4]     *See* 1/2/08 Order Directing Plaintiff to File Opposition Papers by February 1, 2008.

[5]     *Schaal v. Apfel,* 134 F.3d 496, 501 (2d Cir. 1998) (quoting *Pratts v. Chater,* 94 F.3d 34, 37 (2d Cir. 1996)). *Accord Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004).

[6]     *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004)*. Accord Halloran*, 362 F.3d at 31.

2

conclusion.'"[7] "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, we will not substitute our judgment for that of the Commissioner."[8] "To determine whether the findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."[9] "[E]ven if there is also substantial evidence for the plaintiff's position," if substantial evidence exists to support the Commissioner's decision, the decision must be affirmed.[10] "Reversal and entry of judgment for the claimant is appropriate only when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve

---

[7]     *Halloran*, 362 F.3d at 31 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). *Accord Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

[8]     *Veino*, 312 F.3d at 586. *Accord Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

[9]     *Snell v. Apfel*, 177 F.3d 128, 132 (2d Cir. 1999).

[10]     *Morillo v. Apfel*, 150 F. Supp. 2d 540, 545 (S.D.N.Y. 2001). *Accord Alston v. Sullivan,* 904 F.2d 122, 126 (2d Cir. 1990); *DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1982). Moreover, the Commissioner's findings of fact, as well as the inferences and conclusions drawn from those findings, are conclusive even in cases where a reviewing court's independent analysis of the evidence might differ from the Commissioner's analysis. *See Rutherford*, 685 F.2d at 62.

no purpose."[11]

In denying disability benefits, the ALJ found that Baltal had last met the Act's insured status requirements on December 31, 2003. Prior to that date, Baltal suffered from depression, but the ALJ found that this had only minimal impact on her ability to perform basic work activities.[12] She had previously worked as a babysitter.[13] The ALJ found that the record failed to establish the existence of ongoing limitations caused by Baltal's depression prior to the end of her period of insurabilty.[14]

The only medical evidence of treatment before her period of insurability ended comes from two visits Baltal made to the Fordham-Tremont Community Mental Health Center ("Fordham-Tremont"). On May 9, 2002, Baltal complained that her mood was depressed and she was diagnosed with major

---

[11]    *Pimentel v. Barnhart*, No. 04 Civ. 3769, 2006 WL 2013015, at *8 (S.D.N.Y. July 19, 2006) (quotation marks and citation omitted). *Accord Butts*, 388 F.3d at 386.

[12]    *See* Tr. at 12-G.

[13]    *See id.* at 201.

[14]    *See id.* at 12-H. However, the ALJ did find that, as of November 19, 2004, the date on which Baltal filed her application for disability benefits, she was disabled. *See id.* at 12-J.

depression disorder, recurrent.[15]  Baltal returned to Fordham-Tremont on June 5,

2002, and was diagnosed with major depressive disorder, recurrent, with psychotic

features.[16]  On the Global Assessment of Functioning (GAF) Scale, Baltal scored

fifty-five with "moderate symptoms."[17]  Because Baltal had a limited work history,

she met the requirements for insured status from October 1, 2003, until December

31, 2003.[18]  There is no evidence that Baltal received any other treatment from

June 2002 until her period of insurability began on October 1, 2003.[19]

Furthermore, there is no evidence that Baltal received any treatment during her

period of insurability from October 1, 2003 through December 31, 2003.[20]

Accordingly, the ALJ found Baltal's depression to be "a non-severe depressive

disorder."[21]  This determination is consistent with the medical evidence in the

---

[15]     *See id.* at 104-105.

[16]     *See id.* at 111, 115.

[17]     *See id.* at 115.  A GAF score of between sixty and fifty-one
corresponds to: "Moderate symptoms (e.g. flat affect and circumstantial speech,
occasional panic attacks) or moderate difficulty in social, occupational, or school
functioning (e.g. few friends, conflicts with peers or co-workers)."  *Id.* at 116.

[18]     *See id.* at 39, 50.

[19]     *See* Memorandum of Law in Support of the Commissioner's Motion
for Judgment on the Pleadings at 4.

[20]     *See id.*

[21]     Tr. at 12-H.

record.

Because I find that substantial evidence does support the ALJ's

decision, the Commissioner's motion is granted and the ALJ's decision is

affirmed. The Clerk of the Court is directed to close this case.


SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:        New York, New York
              February 27, 2008

6

## -Appearances-

**Plaintiff (Pro Se):**

Sonia P. Baltal
2229 Creston Avenue, Apt. 4
Bronx, New York 10453
(718) 329-9174

**For Defendant:**

Susan D. Baird
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
(212) 637-2713